STORM *v.* FIRST AND TRI-STATE NATIONAL BANK AND TRUST COMPANY OF FORT WAYNE.

[No. 15,059. Filed November 6, 1935.]

*Creighton H. William,* for appellant.

*Vesey, Shoaff & Hoffman,* for appellee.

DUDINE, C. J.—This was an action instituted by appellee against appellant to recover on four promissory notes.

The complaint consisted of four paragraphs, each of which was in the ordinary form of a complaint on a promissory note. Appellant filed an answer in general denial to each paragraph of complaint, and filed three paragraphs of counterclaim, each of which, on motion of appellee, was stricken from the files. Appellant re-

served exceptions to each of said rulings. The cause was submitted to the court for trial on the issues formed by the complaint and answer in general denial, and the court found for appellee and rendered judgment against appellant in the amount shown to be due on said notes.

Appellant perfected this appeal, assigning the action of the court in striking each of said counterclaims as errors relied upon for reversal. Appellant discusses, however, only the assigned error that the court erred in sustaining appellee's motion to strike out appellant's third paragraph of counterclaim and in striking out said paragraph.

Said third paragraph of counterclaim alleged that said notes were executed by appellant and given to appellee as renewals of loans, and balances due on loans, which were originally made in 1929 and 1930; that prior to the making of said original loans appellant owned sixty-five (65) shares of capital stock in appellee bank, of the par value of $1,300.00; that in the fall of 1930 appellee had an opportunity to sell said stock for $5,200.00, and appellant told the officers of appellee bank that he wished to sell said stock at said price and apply the proceeds to the payment of the balance due on said notes; but said officers represented that the stock would increase in value, and the bank would not press for the payment of said loans, and because of said representations appellant did not sell said stock and apply the proceeds of the sale to the payment of said loans; that later, upon demand by appellee bank for additional collateral to secure said loans, appellant delivered said stock to appellee bank to hold as such collateral; that thereafter appellant had another opportunity to sell said stock for $3,250.00 and appellant proposed to appellee bank the selling of said stock for said price and applying the proceeds to the payment of said indebtedness, but again appellee bank and its officers urged appellant

not to sell the stock, and told appellant that the value of the stock was greatly in excess of $3,250.00; that because of said representations appellant again refrained from selling said stock and applying the proceeds to the payment of said debt; that said officers at the time knew, or should have known, that said representations were false, and knew, or should have known, that appellee bank was approaching insolvency; that appellee bank ceased to do business on June 22, 1931; that said stock now has no value.

The counterclaim prayed a judgment in the sum of $4,000.00.

There is but one question involved in this appeal and that is whether or not appellant's claim against appellee could properly be set up as a counterclaim in this cause of action.

"A counterclaim is any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." Sec. 373, Burns 1926, Sec. 2-1018, Burns 1933, §122, Baldwin's 1934.

In *Excelsior Clay Works* v. *DeCamp* (1907), 40 Ind. App. 26, 80 N. E. 981, this court held that the correctness of the action of a trial court in striking out a counterclaim depends upon whether the averments contained in the counterclaim show that the facts upon which it is founded arise out of the transaction set forth in the complaint.

In that case this court said, "In determining whether the respective claims asserted by the parties arise out of the same transaction, the court is not confined to the facts stated by the plaintiff, but may take into account the facts set up by the defendant, and, from them all, will determine whether the claims arise out of the same transaction."

We think the acts alleged in the counterclaim which are allegedly fraududent are transactions which are separate from the transactions alleged in the complaint. The pleadings considered as a whole allege the execution of the four notes by appellant, on the one hand, and a perpetration of acts, allegedly fraudulent, upon appellant by the bank and its officers on the other hand. The complaint and counterclaim do not allege facts showing that the alleged fraud arose out of or is connected with the note transactions. See *Penn-American Plate Glass Co.* v. *Harshaw et al.* (1910), 46 Ind. App. 645, 90 N. E. 1047.

For discussion of what claims may be pleaded as counterclaims see Sec. 674, Watson's Works Practice and Forms.

We hold that appellant's counterclaim was properly stricken.

Judgment affirmed.